AULTMAN, MILLER & COMPANY, APPELLANT, V. J. T. WARD ET AL., APPELLEES.

FILED JANUARY 19, 1897. No. 7025.

Vendor and Vendee: CONSIDERATION: EVIDENCE. Evidence examined, and *held* to sustain the findings of the district court (1) that the appellees were innocent purchasers, for a valuable consideration, of certain real estate; (2) and that appellees never assumed and promised to pay the judgment of appellant.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J. *Affirmed.*

*Davis, Hibner & Whitmore,* for appellant.

*F. E. Brown* and *S. L. Geisthardt, contra.*

RAGAN, C.

J. T. Ward executed and delivered two promissory notes to Aultman, Miller & Co., hereinafter called "Aultman." On the 18th of March, 1889, Aultman sued Ward on these notes before a justice of the peace of Lancaster county. Counsel for Aultman used the notes in lieu of a bill of particulars. By mistake the summons was directed to S. T. Ward, and, though personally served on J. T. Ward, was returned as served on S. T. Ward. J. T. Ward made no appearance in the action, and judgments by default were rendered on the notes against S. T. Ward. In January, 1890, a transcript of these judgments was duly filed and docketed in the office of the clerk of the district court of said Lancaster county. At the time of the filing of this transcript J. T. Ward was the owner of a tract of land in said Lancaster county, and afterwards, in May, 1890, he sold and conveyed such real estate to Levi Ward and Mary H. Ward. In December, 1892, Aultman brought this suit in the district court of Lancaster county, making J. T. Ward, Levi Ward, and Mary H. Ward defendants. Aultman, in his petition, set out the facts already enumerated, and also alleged that Levi Ward and Mary H. Ward had assumed and agreed to pay the Aultman judgments in consideration of the conveyance to them of the land by J. T. Ward. Aultman prayed that the judgments rendered before the justice of the peace, and the transcript thereof docketed in the office of the clerk of the district court, might be amended into judgments against J. T. Ward, instead of S. T. Ward, and declared a lien upon the real estate conveyed by J. T. Ward from the date of the filing of such transcript, and for a personal judgment against Levi Ward and Mary H. Ward for the amount of such judgments. Levi and Mary H. Ward defended the action upon the ground that they had purchased the real estate of J. T. Ward for a valuable consideration, without knowledge, actual or constructive, of the Aultman judgments, and denied that they ever

assumed or promised to pay such judgments. The district court found that Levi and Mary H. Ward purchased the real estate of J. T. Ward on May 6, 1890, in good faith and for a valuable consideration, and without any knowledge, either actual or constructive, of the Aultman judgments; and further found that they never assumed or promised to pay those judgments, and entered a decree that they "go hence without day and recover their costs." The court also entered a decree in favor of Aultman amending the judgments and the transcript thereof so as to make the judgments of record against J. T. Ward. From this decree Aultman has appealed.

The entire argument of the appellant is directed to the contention that the findings of the district court are not sustained by sufficient evidence. We think they are. Indeed, we think under the evidence the court would not have been justified in rendering any other decree than the one it did. Levi and Mary H. Ward are innocent purchasers for value of the real estate upon which it is sought to fasten the lien of the Aultman judgments, and they became such purchasers for value, parted with before either actual or constructive notice of the Aultman judgments, and there is no room in the record for the contention that they assumed or agreed to pay the Aultman judgments as a part of the consideration for the conveyance to them of the real estate. The appellant, by the decree of the court, has succeeded in having a judgment which was rendered against S. T. Ward amended and changed so as to be a judgment against J. T. Ward, the party sued, and as such it stands of record in the office of the clerk of the district court of Lancaster county, and from the date of the decree appealed from it became a lien upon any real estate that J. T. Ward owned in that county. This was all the appellant was entitled to. The appeal is entirely without merit and the decree of the district court is

AFFIRMED.